UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CR-20582-JEM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARLLORY CHACON ROSSELL,

    Defendant.
_____/

## DEFENDANT'S OBJECTION AND CORRECTIONS
## TO THE PRESENTENCE REPORT

Pursuant to Fed. R. Crim. P. 32(f), L.R. 88.9, and U.S.S.G. § 6A1.2, the defendant Marllory Chacon Rossell ("Ms. Chacon"), through counsel, respectfully submits these corrections to the Presentence Investigation Report ("PSI") and objects to the imposition of a two-level enhancement based on Section 2D1.1(b)(15)(C) of the advisory United States Sentencing Guidelines ("Guidelines").  See PSI, p. 6, ¶ 19.  We ask the Court to strike the two-level enhancement and find that the appropriate advisory United States Sentencing Guidelines ("Guidelines") should be a Total Offense Level of 39.  We also request five ministerial corrections that do not have an impact on the guidelines.

## OBJECTION

### A. Section 2D1.1()(15)(C) Does Not Apply Because There Was No Direct Importation After the Effective Date of the Amendment

The PSI, p. 6, paragraph 19, includes a two-level enhancement pursuant to Section 2D1.1(b)(15)(C) stating that Ms. Chacon was directly involved in the importation

of a controlled substance to the United States.[1]  However, as stated below, this is neither legally nor factually correct.  Under *United States v. Lawrence*, 47 F.3d 1556, 1557 (11th Cir. 1995), it is the government's burden to put forward specific and reliable facts supporting the enhancement.  There are no specific and reliable facts supporting its application.

The Super-Aggravating Factor found in Section 2D1.1(b)(15)(C) first appeared in the 2010 Supplement to the Sentencing Guidelines and was numbered Section 2D1.1(b)(14)(C); the effective date was November 1, 2010.  [2]  As detailed in Ms. Chacon's factual proffer, Ms. Chacon brokered several drug loads in 2010 and was recorded discussing a drug load in late/November 2010.  However, there is no allegation, nor any proof proffered by the government, that there was any actual importation after November 1, 2010.  Ms. Chacon has proffered to the government that the final actual load in which she acted as the intermediary took place in mid- to early 2010.  Thus, the Super-Enhancement is inapplicable because there is no proof of any completed load after the November 1, 2010 effective date.

    **B.**    **Section 2D1.1(b)(15)(C) Does Not Apply to the Offense Conduct To Which Ms. Chacon Pleaded Guilty**

Section 2D1.1(b)(15)(C) of the advisory Guidelines provides a two-level increase in the adjusted offense level if the defendant receives an adjustment under Section 3B1.1 (Aggravating Role) and the defendant was "directly involved in the importation of a controlled substance."  This enhancement is commonly referred to as a super-

---

[1] The government, through AUSA Monique Botero, concurs that the Section 2D1.1(b)(15)(C) enhancement does not apply in Ms. Chacon's case.

[2] In the 2014 Sentencing Guidelines, the Super-Enhancement appears as 2D1.1(b)(15)(C).

aggravating factor.  The notable distinction of this enhancement is that the **defendant must be directly involved in the importation** of the controlled substance after November 1, 2010.  See U.S.S.G. § 2D1.1(b)(15)(C).  In other words, the enhancement applies only to acts a defendant "committed, aided, abetted, counseled, commanded, induced, procured, or [the defendant] willfully caused the importation of a controlled substance that occurred during the course of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  See U.S.S.G. § 1B1.3(a)(1)(A). In Application Note 20, the Sentencing Commission further clarified that this aggravator applies only if "the defendant is accountable for the importation of a controlled substance under subsection (a)(1)(A) of § 1B1.3 (Relevant Conduct) (Factors that Determine the Guideline Range))."  Thus, it does not apply to any other form of relevant conduct under the relevant conduct rules.

On December 12, 2014, Ms. Chacon pled guilty to a one-count Indictment charging her with conspiracy to **distribute** five or more kilograms of cocaine, knowing that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959.  (PSI ¶ 1)  This statute criminalizes the agreement to **distribute** cocaine, but only if the defendant knows that the substance was intended to be unlawfully imported into the United States.  Guilt does not require the act of distribution.  Guilt does not require an overt act.[3]  Put simply, participation in a conspiracy to violate Section 952 requires that a defendant engage in an agreement to import cocaine, while participation in a conspiracy to violate Section 959 requires only that the defendant

---

[3]  *U.S. v. Elledge*, 723 F.2d 864, 866 (11th Cir. 1984) ("Unlike in other conspiracy cases, the government need not prove any overt act in furtherance of a conspiracy under the Comprehensive Drug Abuse Prevention and Control Act of 1970, including 21 U.S.C.A. § 846 (conspiracy to distribute) and § 963 (conspiracy to import).").

know that the cocaine was destined for the United States.  Section 2D1.1(b)(15)(C) only applies if the defendant, not the conspiracy, was directly involved in the importation of a controlled substance.  Therefore, the enhancement does not apply here.

Thus, while a defendant's knowledge that the drugs will be imported is required under Section 959, a successful importation is not a necessary end result.  The enhancement found in Section 2D1.1(b)(15)(C) requires that a defendant be directly involved in the **importation**.  That is not the offense conduct to which Ms. Chacon pleaded guilty.  On its face, Section 2D1.1(b)(15)(C) does not apply.

### C. Section 2D1.1(b)(15)(C) Does Not Apply Because There is No Proof of Any Actual Importation.

Even if Section 2D1.1(b)(15)(C) were applicable, there is no proof that any of the loads in which Ms. Chacon was involved actually arrived in the U.S.  The government can prove that some of the drug loads in which Ms. Chacon was involved were dispatched from other countries with an intended destination of the United States.  But based on the discovery provided by the government, there is no evidence that any of these loads successfully arrived in the United States (as opposed to having been seized, stolen, lost, arrived in Mexico, etc.).

Based on the clear language of Section 2D1.1(b)(15)(C), for the enhancement to apply, there must be proof by a preponderance of the evidence of a defendant's direct involvement in an importation to the United States. The enhancement cannot be applied to Ms. Chacon absent any proof that Chacon was involved in a transaction in which drugs were imported into the United States.

D.     **Section 2D1.1(b)(15)(C) Does Not Apply Because Ms. Chacon Was Not Directly Involved in Any Act of Importation.**

The super-aggravator found in Section 2D1.1(b)(15)(C) applies when a defendant who receives an upward role adjustment is "**directly** involved in the importation" of the controlled substance. The term "directly" is dispositive. Ms. Chacon's role in the conspiracy was to arrange for the receipt of drugs coming from Colombia and Venezuela to Guatemala and/or Honduras. As the PSI and Ms. Chacon's Factual Proffer reveal, Ms. Chacon was responsible for coordinating the receipt of drugs in "Honduras, Guatemala and Mexico, with a final destination of the United States." (PSI, ¶ 8). Ms. Chacon was never directly involved in the actual importation, nor does the government allege she was. Her role (and payment for her work) ended in Central America; the purchasers of the drugs then handled the actual importation into the United States. Mere knowledge of the intended ultimate destination, without more, does not warrant application of this super-aggravating factor.

The few cases that address the applicability of the super-enhancement support this conclusion. In *United States* v. *Munoz-Vargas*, 551 F. App'x 206, 208-09 (5th Cir. 2014), the Court affirmed the application of the enhancement where the evidence revealed several specific instances in which the defendant directed individuals in the importation of marijuana from Mexico to the United States. In *United States* v. *Valdez*, 480 F. App'x 281, 284 (5th Cir. 2012), the Court affirmed the application of the enhancement where the defendant induced the importation of cocaine into the Northern District of Texas. Applying the enhancement to all defendants with aggravating roles who are involved throughout the drug manufacture and sale process, based on the proposition the drugs ultimately reached the United States without the defendant's direct

5

involvement, casts such a broad net as to make the exception the rule.. Ms. Chacon's sentence is already being increased four-levels for her leadership role. Applying the 2D1.1(b)(15)(C) enhancement, predicated solely on an aggravating role plus evidence that the drugs were imported into the United States, without more, would transform the enhancement into an unnecessary "mandatory" aggravating factor. Because Ms. Chacon was not directly involved in any act of importation, the enhancement does not apply.

### E. Applying the Enhancement Results in an Unfair Disparate Application of the Sentencing Guidelines

As stated above, Ms. Chacon's case is related to that of <u>United States v. Orlando Fernandez-Barrero, et al.</u>, 11-CR-20587-DLG, among others. Orlando Fernandez and his brother were Ms. Chacon's co-conspirators; they eventually became government witnesses. Orlando Fernandez is referred to as CS-2 in the PSI. (PSI ¶ 9) Both Orlando and his brother Javier received three-level role enhancements for their supervisory role. Both admitted, in their Factual Proffers, to participation in four drug loads, each in excess of 1,000 kilograms, knowing that the drugs were ultimately being sent to the United States. Both pleaded guilty to the same charge as Ms. Chacon, a conspiracy to violate Title 21, U.S.C., Section 959. As their sentencing transcript and sentencing submissions make clear, Orlando and Javier, like Ms. Chacon, were responsible for arranging for the receipt of cocaine in Central America; in addition, the brothers were also responsible for arranging for the dispatch of large quantities of cocaine. <u>See</u> Excerpt of Sentencing and Sentencing Submission, attached hereto as Exhibit One. Yet, for unknown reasons, the 2D1.1(b)(15)(C) enhancement was neither sought by the Probation Office nor applied in the case of either defendant.

6

In a separate prosecution in this district, Mario Ponce, a high-level Guatemalan trafficker, proceeded to trial. He was convicted of a violation of Title 21, U.S.C., Section 959, the same charge to which Ms. Chacon pleaded guilty, and ultimately received a sentence of 300 months. See United States v. Ponce, 11-CR-20338-DMM. Like Ms. Chacon, Ponce was involved in arranging for the receipt of drugs in Central America. Unlike Ms. Chacon, he was also involved in murders, kidnappings and other violence, carried a weapon and obstructed justice. Again, the Probation Office did not seek the 2D1.1(b)(15)(C) in Ponce's case.

For the Probation Office to seek the enhancement in Ms. Chacon's case, while not seeking it in the case of related defendants (nor in the case of many other, far more powerful, prolific and dangerous traffickers) results in the disparate application of the Guidelines by the Probation office of similarly situated defendants. The disparate treatment is perplexing as all three cases are or were prosecuted in the Southern District of Florida by prosecutors in the same office, with PSI reports prepared by the same Probation Office. For this reason alone, the enhancement should not be applied in Ms. Chacon's case.

## MINISTERIAL CORRECTIONS TO THE PSI

### A. Correction to "Related Cases," page two.

On page two, the PSI states there are no related cases. In fact, there are two cases related to Ms. Chacon: *United States v. Orlando Fernandez-Barrero, et al.*, 11-CR-20587-DLG; and *United States v. Hayron Borrayo Lasmibat, et al.*, 11-CR-20512-JLK. Orlando Fernandez-Barrero and his brother Javier were co-conspirators of Ms. Chacon's during the time period and for conduct charged in the Indictment, as was

7

Hayron Borrayo Lasmibat. As stated in paragraph 11 of the PSI, Borrayo is jointly designated on the OFAC list with Ms. Chacon by the Department of Treasury. We respectfully request that the PSI be amended to reflect these two Related Cases.

### B. Correction to "Offense," page two.

On page two, under "Offense," the PSI states that Ms. Chacon pleaded guilty to conspiracy to distribute cocaine with the knowledge it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963. In fact, a review of Ms. Chacon's indictment reveals that Ms. Chacon pled guilty to a conspiracy to violate Title 21, United States Code, Section 959(a)(2), which criminalizes the manufacture or distribution of controlled substances which a defendant knows will be unlawfully imported into the United States. Section 963 makes it a crime to engage in a conspiracy to violate Section 959, among other sections. Therefore, we respectfully request that the PSI be corrected to reflect the actual crime to which Ms. Chacon pleaded guilty.

### C. Correction to page 9, paragraph 41: Deportation and Asylum issue

On page 9, paragraph 41, the PSI correctly states that Ms. Chacon is subject to removal proceedings. However, because of the extraordinary danger she faces as a result of her cooperation should she return to Guatemala, Ms. Chacon will apply under the Convention Against Torture, to be permitted to remain in the United States. Her husband and children have already applied for asylum for the same reason. Therefore, we respectfully request that paragraph 41 be amended to state that Ms. Chacon is applying under the Convention Against Torture so that she is not deported to Guatemala.

8

**D. Correction to page 10, paragraph 48: Date of Cessation of Narcotics Trafficking**

On page 10, paragraph 48, the PSI states that Ms. Chacon ceased trafficking in 2011. This is incorrect. As demonstrated in the Factual Proffer, Ms. Chacon was involved in brokering several drug loads in 2010. Her last negotiation relating to brokering a load, which load was never sent, was in "approximately November 2010." Thereafter, she ceased all involvement in drug trafficking, though she remained involved in laundering drug proceeds until mid-2011. We respectfully request that paragraph 48 be amended to state that Ms. Chacon ceased trafficking in 2010.[4]

**E. Correction to page 11, paragraph 50: OFAC Listing.**

On Page 11, paragraph 50, the PSI describes the Office of Foreign Assets Control designation of Ms. Chacon and various other individuals, including her daughter Christina Stefanel Castellanos ("Christina") and the woman who decorated her home, Maria Corina Saenz Lehnhoff ("Corina"). The PSI states that "[t]hey are responsible for laundering narcotics proceeds on behalf of the defendant." This statement is without any factual support and is simply untrue. Christina and Maria Corina were included as part of the OFAC designation solely because of innocent financial connections to Ms. Chacon; Ms. Chacon co-signed for her daughter's credit card and Corina received wire transfers from Ms. Chacon's account to pay for home improvements. As a result, we respectfully request that the PSI be corrected to eliminate any reference to Cristha and Corina.

---

[4] The incorrect year may be a product of counsel's memorandum to the Probation Officer, in which counsel wrote, in an attorney proffer, that Ms. Chacon ceased trafficking in 2011. Ms. Chacon did not make any such statement at her PSI interview and in fact, undersigned counsel's memorandum is incorrect as to this point.

F.  **Correction to page 13, paragraph 59: Forfeiture.**

Finally, on page 13, paragraph 59, the PSI refers to Ms. Chacon's "possible agreement with the government to forfeit $1 million. . . . ." As the government will confirm, Ms. Chacon has satisfied her forfeiture obligation and forfeited the sum of $1 million to the government. Thus, we respectfully request that the PSI be amended to reflect that Ms. Chacon has satisfied her forfeiture obligation.[5]

WHEREFORE, the Defendant respectfully files these PSI objections and corrections.

Dated: April 22, 2015

Respectfully submitted,

/s/ Bonnie Klapper
BONNIE S. KLAPPER, Esq.
48 West 25th Street, Suite 600
New York, NY  10010
Tel:  (516) 721-0010
Email: bonniesklapper@bskesq.com
Clarke Silverglate, P.A.
799 Brickell, Plaza
Miami, FL 33131
(Of Counsel)

---

[5] Pursuant to Local Rule 88.9, I have spoken to AUSA Monique Botero , who has informed me that she does not object to the filing of this document under seal.

**CERTIFICATE OF CM/ECF SERVICE**

I HEREBY CERTIFY that on April 22, 2015, the foregoing was filed with the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to all corresponding parties.

By: /s/ Bonnie Klapper
Bonnie S. Klapper, Esq.