UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.11-20582-CR-MARTINEZ

UNITED STATES OF AMERICA,  :
                           :
            Plaintiff,     :
                           :
vs.                        :
                           :
MARLLORY CHACON ROSSELL,   :
                           :
            Defendant.     :
_____

**UNOPPOSED MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

Defendant, Marllory Chacon Rossell, through undersigned counsel, moves this court, pursuant to 18 U.S.C. Section 3583 (e)(1), to terminate her term of supervised release. On February 27, 2019, Chacon Rossell began a two-year term of supervised release after having served a 60 month sentence of incarceration. Presently, she has completed more than one-half of her supervisory release term.

Prior to filing this motion, undersigned counsel was advised on May 13 by Chacon Rossell's probation officer John Carles that he had no objection to early termination of her supervised release. Counsel was also advised on that same day by Monique Botero, Esq., assistant United States Attorney assigned to this case, that she had no objection to early termination based on the USPO's position. As a result, no hearing is either requested or needed for this unopposed motion.

**MEMORANDUM**

1.)   The court has authority to grant early termination of a previously imposed term of supervised release. In this regard, Section 3583(e)(1) provides as follows:

> (e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Federal Rule of Criminal Procedure 32.1(c)(1), 2(B) & (C) indicate that a hearing for modification of supervised release is not required if: 1.) the relief sought is favorable to the person supervised; and 2.) the attorney for the government has had a reasonable opportunity to object and has not done so. That is precisely the case here.

2.) The factors to be considered by the Court for early termination of supervised release under Section 3583(e)(1) mirror the sentencing factors in Section 3553(a) with one exception: Section 3553(a)(2)(A) is excluded. Section 3553(a)(2)(A) is a sentencing factor intended to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The exclusion of this subsection as a factor for early termination indicates that supervised release is not intended to provide punishment for an offense because the term of incarceration satisfies the retributive goal of the sentencing scheme.

As for the factors remaining, it is uncontested that Chacon Rossell took responsibility for her mistake by pleading guilty to a felony offense and providing stellar assistance to the government. Since her release from incarceration, she has successfully reintegrated into her community as a caring mother and maintains a loving, stable residence with her children. In addition, she has complied with every condition of supervised release and now has completed over one-half of her term without the slightest incident. United States Probation Officer John Carles confirms Chacon Rossell's performance in this

regard as indicated by his May 13 advisement of having no objection to early termination. Furthermore, defendant has no recent arrests or convictions, no history of violence, no recent or past history of alcohol or drug abuse and poses no risk to public safety. In short, none of the factors listed in 18 U.S.C. Sections 3553 and 3583 necessitate a continued period of supervised release.

    3.)    There is no need for a court hearing on the matter since both the United States Probation Office and the United States Attorney's Office are not opposed to the granting of this motion.

WHEREFORE, defendant moves that this court enter an order terminating the remainder of her term of supervised release.

DATED: May 26, 2020.

Respectfully submitted,

/s/Jack. Denaro_____
Jack M. Denaro, Esq.
Florida Bar No. 0122886
Email: jackdenaro@bellsouth.net

Jack M. Denaro, P.A.
7700 North Kendall Drive
Suite 504
Miami, Florida 33156
tel:  305-274-9550
fax: 305-274-9574
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 26, 2020, a true and correct copy of this Unopposed Motion for Early Termination of Supervised Release was filed with the Clerk of the Court using CM/ECF and served on all counsel or parties of record via transmission of Notices of Electronic Filing generated by CM/ECF; this motion was also served by first class mail and email on Probation Officer John Cardes, United States Probation Office, Wilkie Ferguson United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, this 26 day of May, 2020.

Respectfully submitted,

/s/Jack M. Denaro\
Jack M. Denaro, Esq.\
Florida Bar No. 0122886\
Email: jackdenaro@bellsouth.net

Jack M. Denaro, P.A.\
7700 North Kendall Drive\
Suite 504\
Miami, Florida 33156\
tel:  305-274-9550\
fax:  305-274-9574\
Attorney for the Defendant